UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | |
|---|---|
| **ERRICK JERMAINE ARCENEAUX** | **CIVIL ACTION NO. 24-1098** |
| | **SECTION P** |
| **VS.** | |
| | **JUDGE JERRY EDWARDS, JR.** |
| **WYETTE WILLIAMS, ET AL.** | **MAG. JUDGE KAYLA D. MCCLUSKY** |

## REPORT AND RECOMMENDATION

Plaintiff Errick Jermaine Arceneaux, a prisoner at Riverbend Detention Center[1] ("RDC") proceeding pro se and in forma pauperis, filed this proceeding on approximately July 28, 2024,[2] under 42 U.S.C. § 1983. He names the following defendants: Sheriff Wyette Williams, Captain Martin, Sheriff Stitch Guillory, Administration and Classification at RDC, Judge M. Canaday, Steven Coward, the Calcasieu Parish District Attorney, and Warden Johnny Hedgemon.[3] For reasons that follow, the Court should dismiss Plaintiff's claims.

## Background

Plaintiff was arrested and charged with simple burglary on October 26, 2023. [doc. # 1, p. 6]. He was confined in Calcasieu Correctional Center until November 22, 2023, when he was transferred to RDC. *Id.*

---

[1] Plaintiff also refers to Riverbend Detention Center as East Carroll Parish Detention Facility. [doc. # 1, pp. 2, 9].

[2] Plaintiff signed his pleading on July 28, 2024. [doc. # 1, p. 10].

[3] This matter has been referred to the undersigned for review, report, and recommendation under 28 U.S.C. § 636, and the standing orders of the Court.

Plaintiff claims that Sheriff Williams, other administration at RDC, and Captain Martin have interfered with his attempts to file pre-trial motions in his state court criminal case. [doc. # 1, pp. 4, 5]. Plaintiff also appears to fault the Calcasieu Parish District Attorney, Judge M. Canaday, and his public defender, Steven Coward, alleging that they have not allowed him "access to the court . . . ." *Id.* at 5. These defendants allegedly prohibited him from communicating with his public defender and the state court by refusing his requests for "indigent supplies" such as writing materials, telephone calls, and video chats. *Id.* at 5, 7. He tried to call his public defender on November 27, 2023, but "the operator informed [him] that all calls made to Calcasieu Parish Public Defenders' Office are restricted." *Id.* at 5. He is also unable to call the state district court. [doc. # 7, p. 1].

On December 19, 2023, Plaintiff requested a pen, paper, stamps, and envelopes to draft and file motions in his state criminal proceeding, but Captain Martin denied his request.[4] [doc. # 1, p. 6]. Plaintiff claims that Warden Hedgemon enacted a policy stating that pre-trial detainees are not allowed to receive any indigent supplies. [doc. # 7, p. 1]. Plaintiff suggests that because he lacks indigent supplies, he is unable to communicate with the state district court, conduct discovery, file motions, and discuss plea agreements. *Id.*

On July 31, 2024, Plaintiff was sentenced to two years of imprisonment.[5] [doc. # 7, p. 2]. Plaintiff states, however, that the state court judge granted him a new trial after he informed the judge that, before he was sentenced, he lacked stamps, writing materials, and the means to

---

[4] Plaintiff attaches a "Memorandum Per Captain Martin," in which Captain Martin stated on May 3, 2024, "Starting today there will be no indigent applications for pre-trial detainees." [doc. # 1-2, p. 1 (emphases removed)].

[5] As above, Plaintiff appears to have filed this proceeding prior to his trial date; he signed his pleading on July 28, 2024. [doc. # 1, p. 10].

2

contact his public defender. [doc. # 7, pp. 2-3]. The new trial is set for November 8, 2024. *Id.* at 3.

Plaintiff was returned to RDC after the state judge granted him a new trial, but to date he still lacks access to indigent supplies such as stamps, a pen, paper, and calls and video chats with the court and his public defender. [doc. # 7, p. 3].

Plaintiff claims that Sheriff Wyette Williams and administration at RDC have refused to answer his grievances about the lack of "indigent supplies," which he submitted using the administrative remedy procedure ("ARP") at RDC. [doc. # 1, pp. 4, 5, 7].

Plaintiff claims that Sheriff Stitch Guillory is detaining him "far away (miles and miles away) from his home . . . ." [doc. #s 1, p. 4; 7, p. 2].

For relief, Plaintiff requests: (1) "disciplinary measures" against defendants; (2) compensation for his lack of access to the state court; (3) the reversal of any future conviction; and (4) that "no retaliation at all be taken upon" him by defendants. [doc. # 1, pp. 9-10].

## Law and Analysis

**1. Preliminary Screening**

Plaintiff is a prisoner who has been permitted to proceed in forma pauperis. As a prisoner seeking redress from an officer or employee of a governmental entity, his complaint is subject to preliminary screening pursuant to 28 U.S.C. § 1915A.[6] *See Martin v. Scott,* 156 F.3d 578, 579-80 (5th Cir. 1998) (*per curiam*). Because he is proceeding in forma pauperis, his Complaint is also subject to screening under § 1915(e)(2). Both § 1915(e)(2)(B) and § 1915A(b)

---

[6] Under 28 U.S.C. § 1915(h), "'prisoner' means any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program."

provide for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim on which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams,* 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327. Courts are also afforded the unusual power to pierce the veil of the factual allegations and dismiss those claims whose factual contentions are clearly baseless. *Id.*

A complaint fails to state a claim on which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007); accord *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). A claim is facially plausible when it contains sufficient factual content for the court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 570). Plausibility does not equate to possibility or probability; it lies somewhere in between. *Id.* Plausibility simply calls for enough factual allegations to raise a reasonable expectation that discovery will reveal evidence to support the elements of the claim. *Twombly*, 550 U.S. at 556.

Assessing whether a complaint states a plausible claim for relief is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal, supra.* A well-pled complaint may proceed even if it strikes the court that actual proof of the asserted facts is improbable and that recovery is unlikely. *Twombly, supra*.

In making this determination, the court must assume that all the plaintiff's factual allegations are true. *Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir. 1998). However, the

same presumption does not extend to legal conclusions. *Iqbal, supra*. A pleading comprised of "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" does not satisfy Rule 8. *Id*. A complaint fails to state a claim where its factual allegations do not "raise a right to relief above the speculative level." *Montoya v. FedEx Ground Package Sys., Inc*., 614 F.3d 145, 148 (5th Cir. 2010) (*quoting Twombly*, 550 U.S. at 555). "[U]nadorned, the-defendant unlawfully-harmed-me accusation[s]" will not suffice. *Iqbal*, 556 U.S. at 677.

"[P]laintiffs must allege facts that support the elements of the cause of action in order to make out a valid claim." *City of Clinton, Ark. v. Pilgrim's Pride Corp*, 632 F.3d 148, 152-53 (5th Cir. 2010). Courts are "not free to speculate that the plaintiff 'might' be able to state a claim if given yet another opportunity to add more facts to the complaint." *Macias v. Raul A. (Unknown) Badge No. 153*, 23 F.3d 94, 97 (5th Cir. 1994).

A hearing need not be conducted for every pro se complaint. *Wilson v. Barrientos*, 926 F.2d 480, 483 n.4 (5th Cir. 1991). A district court may dismiss a prisoner's civil rights complaint as frivolous based upon the complaint and exhibits alone. *Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986).

"To state a section 1983 claim, a plaintiff must (1) allege a violation of a right secured by the Constitution or laws of the United States and (2) demonstrate that the alleged deprivation was committed by a person acting under color of state law." *Whitley v. Hanna*, 726 F.3d 631, 638 (5th Cir. 2013) (internal quotation marks omitted). Consistent with the standard above, a "[S]ection 1983 complaint must state specific facts, not simply legal and constitutional conclusions." *Fee v. Herndon*, 900 F.2d 804, 807 (5th Cir. 1990).

### 2. Access to Court

As above, Plaintiff claims that Sheriff Williams, other administration at RDC, and Captain Martin have interfered with his attempts to file pre-trial motions in his state court criminal case. [doc. # 1, pp. 4, 5]. Plaintiff also appears to fault the Calcasieu Parish District Attorney, Judge M. Canaday, Captain Martin, Warden Hedgemon, and his public defender, alleging that they have not allowed him "access to the court . . . ." *Id.* at 5. These defendants allegedly prohibited him from communicating with his counsel and the state court by refusing his requests for "indigent supplies" such as writing materials, telephone calls, and video chats. *Id.* at 5, 7. He is also unable to call the state district court. [doc. # 7, p. 1].

To succeed on claim that a defendant violated a plaintiff's right to access the courts, the plaintiff must show that he lost an actionable claim or was prevented from presenting such a claim because of the alleged denial. *Lewis v. Casey*, 518 U.S. 343, 356 (1996). The "injury requirement is not satisfied by just any type of frustrated legal claim." *Id.* at 353. Rather, a plaintiff must demonstrate that the lack of access prevented him from filing or caused him to lose a case that attacks either his conviction or seeks "to vindicate 'basic constitutional rights'" in a civil rights action under 42 U.S.C. § 1983. *Id.* at 353-54 (quoting *Wolff v. McDonnell*, 418 U.S. 539, 579 (1974)).

Here, Plaintiff has not yet lost his state court criminal case. He has a trial scheduled for November 8, 2024. *Id.* at 3. Consequently, he does not plead prejudice. *See Eason v. Thaler*, 73 F.3d 1322, 1328 (5th Cir. 1996) ("[T]o make out a claim that his constitutional right of access to the courts has been violated, [a plaintiff] must have demonstrated that his position as a litigant was prejudiced by his denial of access to the courts."). Plaintiff has not identified "a remedy that is not otherwise available in another suit . . . ." *See Waller v. Hanlon*, 922 F.3d 590, 602 (5th

6

Cir. 2019) (finding that the plaintiffs did not identify a remedy that is not otherwise available in another suit that may yet be brought because the plaintiffs were actively litigating their underlying claim, because it was "too early to say" that the plaintiffs' underlying claim was compromised, and because the plaintiffs had yet to suffer a "concrete setback traceable to the defendants'" actions).[7]

To the extent Plaintiff raises a "forward-looking" claim when he alleges that defendants are frustrating his efforts to litigate in his state court criminal case, he must "identify a nonfrivolous, arguable underlying claim and the official acts frustrating the litigation." *Gonzalez v. Gillis*, 2023 WL 3197061, at *3 (5th Cir. May 2, 2023) (quoted sources omitted). Plaintiff, however, fails to identify a nonfrivolous, arguable underlying claim that any defendant has frustrated. Plaintiff does not, for instance, identify the claim, defense, or argument he intends to present to the state court. *See id.* ("Gonzalez provides no factual details about his allegedly prolonged detention or the nature of a habeas claim he would bring to challenge it, and so he fails to allege a nonfrivolous and arguable habeas claim.").

In sum, Plaintiff does not identify any specific claim, defense, or proceeding that he cannot presently prepare or file, that he could not prepare or file in the past, that he lost, or for which he could not or cannot obtain a remedy.[8]

---

[7] "There is, after all, no point in spending time and money to establish the facts constituting denial of access when a plaintiff would end up just as well off after litigating a simpler case without the denial-of-access element." *Christopher v. Harbury*, 536 U.S. 403, 415 (2002).

[8] Even assuming Plaintiff did plead prejudice, and even assuming he was convicted, his claims with respect to his criminal proceedings would be barred under *Heck v. Humphrey*, 512 U.S. 477 (1994), which held that a successful civil rights action that would necessarily imply the invalidity of the plaintiff's conviction or sentence must be dismissed unless the plaintiff first shows that the conviction or sentence has been reversed, expunged, declared invalid, or called into question by a federal court's issuance of a writ of habeas corpus. A ruling that Plaintiff lost a criminal proceeding (i.e., was convicted) because of defendants' actions would necessarily imply the

Further, Plaintiff is represented by counsel in the state criminal proceeding. Thus, he has access to the courts through his attorney.[9] *See Loden v. Hayes*, 208 F. App'x 356, 360 (5th Cir. 2006) (finding that Loden had access to the courts through his attorneys because his counsel "brought at least one of Loden's claims to the attention of the judge in Loden's criminal trial."); *Haley v. Natchitoches Par. Det. Ctr.*, 602 F. App'x 1008, 1009 (5th Cir. 2015) ("As long as a criminal defendant is represented by counsel, he will be able to present matters for decision to the court through motions filed by his attorney. Because Haley admitted that he was represented by counsel in all his criminal matters at all pertinent times in question, his allegations do not state a claim that his right of access to the courts was violated.") (quotations marks and sources omitted).[10]

Accordingly, the Court should dismiss these claims.

### 3. Responding to Grievances

Plaintiff claims that Sheriff Wyette Williams and administration at RDC refused to answer his grievances about the lack of "indigent supplies." [doc. # 1, pp. 4, 5, 7]. To the extent

---

invalidity of the conviction. *See Loden v. Hayes*, 208 F. App'x 356, 359 (5th Cir. 2006) ("[A]ny claim that a lack of legal materials affected his criminal trial is not cognizable in this § 1983 proceeding under *Heck v. Humphrey*, *supra*."); *Bray v. Walker*, 84 F.3d 434 (5th Cir. 1996) (finding that *Heck* barred the plaintiff's claim "that his parole was revoked because he was denied access to a law library[.]"); *Ranson v. Thomas*, 2006 WL 2796458, at *2 (S.D. Tex. Sept. 27, 2006) (determining that if the plaintiff did miss a court date in his criminal proceeding and if "a hearing of any consequence did occur in his absence, this would imply the invalidity of the conviction under *Heck*.").

[9] Plaintiff does not allege that his counsel has been unable to contact him.

[10] *See also Ford v. Foti*, 52 F.3d 1068 (5th Cir. 1995) ("A criminal defendant who is represented by counsel has meaningful access to the courts vis-a-vis the criminal action pending against him."); *Childs v. Scott*, 51 F.3d 1043 (5th Cir. 1995) ("If a criminal defendant is represented by counsel, he has constitutionally sufficient access to the courts.").

these claims are distinct from his access-to-court claims above,[11] he does not plead plausible constitutional violations.

A prisoner does "not have a constitutional right to have his grievances resolved in his favor or to have his claims reviewed pursuant to a grievance process that is responsive to his perceived injustices . . . ." *Burgess v. Reddix*, 609 F. App'x 211 (5th Cir. 2015); *see Alexander v. Texas Dep't of Criminal Justice*, 2020 WL 826452, at *2 (5th Cir. Feb. 20, 2020) (affirming dismissal of a claim that grievances were mishandled or improperly denied because "prisoners have no due process rights in the inmate grievance process.").

In *Sandin v. Conner*, 515 U.S. 472, 475 (1995), the Supreme Court left prisoners without a federally-protected right to have grievances investigated and resolved. *See Taylor v. Cockrell*, 92 Fed. App'x. 77, 78 (5th Cir. 2004) (holding that "claims that the defendants violated his constitutional rights by failing to investigate his grievances fall short of establishing a federal constitutional claim."); *Geiger v. Jowers*, 404 F.3d 371, 373-74 (5th Cir. 2005) ("[The plaintiff] does not have a federally protected liberty interest in having . . . grievances resolved to his satisfaction. . . . [A]ny alleged due process violation arising from the alleged failure to investigate his grievances is indisputably meritless."). Here, accordingly, the Court should dismiss Plaintiff's claims.

### 4. Plaintiff's Assigned Detention Facility

Plaintiff claims that Sheriff Stitch Guillory is detaining him "far away (miles and miles away) from his home . . . ." [doc. #s 1, p. 4; 7, p. 2].

---

[11] *See Aucoin v. Terrebonne Par. Sheriff's Off.*, 2022 WL 16657429, at *2 (5th Cir. Nov. 3, 2022) ("[T]o the extent he argues that the inadequate grievance procedure denied his right to access the courts, he does not explain how he was unable to prepare and transmit legal documents, allege that he was prejudiced, or explain how he was prevented from filing a nonfrivolous legal claim.").

9

A prisoner, however, has no constitutional right to be housed in any particular facility or transferred from one facility to another, even if conditions and amenities in one may be preferable to another. *Olim v. Wakinekona*, 461 U.S. 238, 245-46 (1983); *Fuselier v. Mancuso*, 354 F. App'x 49, 2009 WL 3780729, at *1 (5th Cir. Nov. 12, 2009). "The Due Process Clause does not, by itself, endow a prisoner with a protected liberty interest in the location of his confinement." *Yates v. Stalder*, 217 F.3d 332, 334 (5th Cir. 2000); *Meachum v. Fano*, 427 U.S. 215, 225 (1976) ("[T]he State may confine [a prisoner] and subject him to the rules of its prison system so long as the conditions of confinement do not otherwise violate the Constitution.").

Moreover, in Louisiana, "any individual subject to confinement in a state adult penal or correctional institution shall be committed to the Department of Public Safety and Corrections and not to any particular institution within the jurisdiction of the department. The secretary of the department may transfer an inmate from one such facility to another, insofar as the transfer is consistent with the commitment and in accordance with treatment, training, and security needs established by the department." LA. REV. STAT. § 15:824(A).

Here, as Plaintiff has no federal constitutional right to be transferred to, or confined in, a place of his choosing, and because Plaintiff's placement lies solely in the purview of the Department of Public Safety and Corrections, the Court should dismiss this claim.

## Recommendation

For the reasons above, **IT IS RECOMMENDED** that Plaintiff Errick Jermaine Arceneaux's claims be **DISMISSED WITH PREJUDICE** as legally frivolous and for failing to state claims on which relief may be granted.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have **fourteen (14) days** from service of this Report and Recommendation

to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **fourteen (14) days** after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

In Chambers, Monroe, Louisiana, this 16th day of October, 2024.

_____
Kayla Dye McClusky
United States Magistrate Judge